Good morning, your honors. May it please the court. My name is Erika Vejar and I'm here before this court on behalf of the petitioner. The petitioner is a father to three U.S. citizen children and he is the son to two elderly legal permanent residents. I stand here before this court to ask that this court finds that the BIA committed legal error when it determined that Cruz, one of petitioner's qualifying relatives, was no longer a qualifying relative for purposes of cancellation of removal because at the time that BIA rendered its decision on appeal, Cruz was already over the age of 21. However, the BIA purported to consider the to Ana Laura, the petitioner's daughter, who was also over the age of 21. So that clearly shows the incongruency in the BIA's assessment and evaluation of the petitioner. Seems like the agency maybe didn't realize the daughter was over 21. We don't know from the language of the BIA's decision, but it really seems incongruent and it gives the appearance of the lack of attention to the facts of the case and the application of the law. And so in doing so, the BIA committed legal error by one, finding that Cruz didn't qualify as a child under the cancellation of removal statute. And on the other hand, implying or holding that Ana Laura was a qualifying relative. So maybe we should focus on the Cruz part because if the agency was right that Cruz was not eligible, then the error in considering the daughter would have at most helped your client. Is that right? Not really because the cancellation of removal statute and the guideline calls for the So by leaving out an evaluation or looking at the hardship to Cruz, it doesn't help. It seems like if it was correct that someone who's over 21 by the time the BIA rules is ineligible, then it would suggest that the correct way to handle this case would have been to say that both children were ineligible and that would not really be better for you. Right. And so because we have this incongruency and an inconsistency and the BIA's decision, what the BIA should have done or what this court should do is one, hold that the correct time to ascertaining a qualifying relative's age is at the time that the application for cancellation of removal is being considered on its merits at the immigration judge's level, at the immigration court level. So the board has taken the view as I understand it. So sometimes the passage of time can hurt as in this case where the child was a child and then turns 21. Sometimes the passage of time can help, right, make the claim better. Either somebody wasn't sick before and now they are or you didn't have, you hadn't accrued enough time to satisfy the good moral character requirement and now you have. And as I understand it, the board has taken the position that when the passage of time helps, like the board can consider that and can say, okay, now we're going to look at things as they are now before the board. Do you think that's wrong? Should they not do that either? Everything is frozen as it is before the IJ? Well, the BIA has to look at the immigration judge's decision when it rendered it, when the case was before it. So the BIA doesn't get to look at the facts and make findings of fact de novo on appeal. For this, it's not really a finding. I mean, there is a finding as to what is the child's date of birth, right? And after that, like if I know his age today, I don't need to find any new facts to his age next year or seven years from now, right? I mean, the rest of that is pretty uncontroversial arithmetic. So why should we think of this as a new finding? No, the way I understood your question, Your Honor, and if I apologize if I misunderstood it, what you're asking me to answer is, is it wrong that the BIA is looking at the hardship per se after the passage of time when the case is on appeal? And what I am saying is the law requires for the BIA to look back to see whether the immigration judge committed either an erroneous finding of fact or the wrongful application of the law. But what in the statute requires considering this question of when a minor is a minor at the time of the IJ rather than at the time of the BIA? Well, because at the time of the immigration judge, the immigration judge has to go through the Consolation of Removal Statute and determine whether all of the elements are met. The physical presence requirement, the existence of a qualifying relative to begin with, the good moral character, lack of disqualifying criminal offenses. So at that time, the statute itself requires that initial assessment. So it is the immigration judge who's going through those elements. Do we have continuous physical presence and then make that determination? Does the petitioner or respondent before the immigration court, does he have a qualifying relative at the time of the IJ is 20 years old and the IJ says their birthday is X day? And then the BIA, it's two years later when the BIA is deciding the case. Is the BIA not able to consider the passage of time as a matter of judicial notice? I mean, why shouldn't the BIA realize that that person who was 20 is now 22? Because then you're precluding, it's a due process violation. You're precluding an individual from availing himself from a benefit, an immigration benefit against removal when he or she is presenting that application on the first instance before the immigration court. Because then the other, so we have a case at the Board of Immigration Appeals, matter of Isidro Zamorano. It's a 2012 case where the board dismissed the appeal because the child or the qualifying relative aged out. So if we take the proposal that the BIA has the right this, a petitioner would be left without the relief that, but for an appeal, he or she would have qualified for. So in your brief before the board, you took issue with the IJ's assessment of the facts and you suggested that you'd be granted relief. But then you said, alternatively, the respondent moves the board to remand this matter to the IJ to enter original findings of fact on those factors previously not considered. If you had gotten that relief, wouldn't you then have lost on this issue on the remand? Or do you think, would the IJ on remand have been allowed to look at what his age then was? Or would the IJ have had to say, well, I'm sure he's over 21 now, but the last time it was before me, he wasn't, and I'm stuck with that. The difference would be on remand is that the immigration judge had already made a finding and that the petitioner or respondent before the immigration court had already established that he had a qualifying relative or multiple qualifying relatives. So your answer is even on remand, the IJ would be stuck with the previous finding because the first hearing took place before the child was 21?  Okay. Because on remand, the immigration judge is not always looking at the case de novo. It's a very limited scope. And so the BIA would provide guidelines as to what needs to happen on remand. It's not a brand new- What if the BIA had said, reconsider whether this relative is qualifying and whether there's enough hardship? On remand? The judge would have only limit a ruling or an evaluation on the facts that the judge had before it during the merits hearing. They couldn't have a new merits hearing? Well, it would have a new merits hearing because they schedule it as a merit to, it's a trial date, but it would have to look at the facts and circumstances as they appeared at the previous merits because now we're back on remand and the remand is limited in scope. Aren't you challenging what the IJ found at the first hearing and that you've established at the BIA that there was a defect in his finding? Right. And so your honor- It wouldn't be bound by the findings that we challenged because we're saying that those findings were not either supported by the evidence before it during the merits or there was an erroneous application- Why wouldn't there be a de novo new hearing following a remand where the findings of the challenge before the board? If the board finds that that should be the scope of the remand, then the board is free to make those confines or specific instructions for the immigration judge. Is there any chance here that if we thought the agency's decision about the daughter was supported that there would be a different decision as to the son's level of hardship? Yes. What would be the reason for that? Because if there is ... So hardship is to be evaluated individually as well as cumulatively. So if there's hardship to the daughter, then considering the hardship to the son would make the petitioner's case for hardship stronger. And so you think that even if we thought the agency was appropriate in thinking that the daughter and the parents combined was an extreme and unusual, that adding the son makes it meet the standard? I believe so. Yes. Is there anything different about the son or you just think adding another relative is- No. We would have to look at the specific hardship that the son would endure if the petitioner were removed. So it's a case-by-case evaluation. It's not a number. A petitioner could meet the exceptional and extreme unusual hardship with one qualifying relative. So it's not a number. Well, now we have four qualifying relatives versus one. And so an application should be granted for someone who has four qualifying relatives and not for one that has one. It's not that kind of analysis. But certainly, if you have one qualifying relative and the hardship is there but it doesn't rise to the level of this exceptional and extreme unusual hardship, then if you have four qualifying relatives taken all together ... And it's different factors. It's not just one. So there's got to be an evaluation of all factors individually applied to each qualifying relative as well as cumulatively. And so here, the BIA also said or held hardship or country conditions as they affect the petitioner. We don't have to consider that. And that's contrary to law and to well-established precedent in the context of cancellation of removal. And so it's not just one factor or one hardship circumstance. It's taking everything together as it applies to the petitioner because hardship to the petitioner as it relates to the hardship that it would cause the qualifying relatives has to be considered. And clearly here ... You want to save the remaining time? I'm worried about you using up your time. Thank you, Your Honors. Thank you.  Good morning. May it please the Court. Edward Durant for the United States. Before I start, I'd just like to clarify that if I'm unable to get my points across, if I'm not clear, if I'm distracted, my argument would track perfectly Senior Judge McTeague's dissent in Perez that came on after the briefs that were written. But that is the government's argument. If I stutter or stammer or don't get my point across, that's what I would rely on. And despite petitioner's contentions, at the time of the board's decision, Cruz, the son statute. With respect to Anna, I don't know why the board analyzed her hardships. I would think it was ... It would be just an error in math, which is always possible. Even so, there's no prejudice because it determined that there was no prejudice there for her at all. She was going to school, doing well, no harm, probably going to get a scholarship to nursing school. But it is well established and endorsed by this court that the application for a cancellation of removal is continuing and not fixed. And this was endorsed by this court in Mendez in 2013, I believe, where they relied or adopted the board in Isidro and Batista, which recognized that these applications were continuing. They're never fixed. And I rely on the text of the statute, how these cases have always been interpreted and the purpose of the statute in making my argument. First of all, if the court were to look at the text of the statute, under the statute, the alien may seek cancellation if he establishes or she establishes that his removal would result in exceptional and extremely unusual hardship to that qualifying relative. In this case, a child under the 21 and unmarried. So it's going to have to be removal that causes the hardship. That hardship will arise upon the applicant's removal to a person who at the time of removal is a qualifying relative. It makes no sense to fix that. This is an extraordinary form of relief. This exceptional and reasonable hardship standard is very difficult to meet. There's only four thousand of them, I believe, granted every year. The purpose is a petitioner is sort of a subsidiary beneficiary. He's not really the beneficiary of this form of relief. It's his children, usually kids with special needs. You know, I know when I see it, but this is not the case. So it's a fiction to allow Cruz to be to fix him in time when right now he's probably in his he is in his mid 20s. From the record, it looks like he was helping his father at the at a very it looked like a very successful garage and good on him. But that's not the type of hardship that this statute is designed. You said a moment ago that it's it's whether the removal would cause hardship. So does that mean I mean, the removal does not take place at the time of the board's decision. It takes place some, you know, at least months after the board's decision. So sometimes years. Would it be suppose you had somebody who was 20 at the time that comes before the board? Do you think it would be appropriate for the board to say? I mean, on your theory, it seems like what the board should say is, well, sure, he's 20 now, but we're pretty sure he's not going to be removed until he turns. He's not being removed, but we're pretty sure that the alien won't be removed until the child turns 21. So therefore, you're not eligible. Would that be the conclusion the board should draw on that kind of case? No, sir. It's the government's position that the court, the age is established at the final administrative order, which in this case would be the board. Well, that I mean, that's that's fine. But then it seems like you're not really when your textual arguments seem to turn on, like, what is the age when he's removed? And so if you've if you're not tying it to that, then it's not clear to me why the why the board time of the board decision is a better time than the time of the IJ decision. Because it's the board and this court has always recognized that this is a continuing. There's got to be some. It's a continuation. It's never fixed. And this court has followed that twice post Loper Bright and in Cervantes Mejia and in Dominguez Montoya. When this court observed that in Mendez Garcia, which endorsed the board's theory, that the application is always continuing in both those cases. The aliens, children turned 21 between the IJ's decision and the board's decision. And in both those decisions, the this court determined that the board was correct. So we do have court precedent here. Of course, they were unpublished. I don't know if that would be I guess it's still persuasive to this court. And it is post Loper Bright. I mean, we used to the court would usually defer to the board. They don't do that anymore, but they can still see if it's what's the word I'm looking for. Um. If I can. Yes, sir. Are you saying that because of this interpretation of the impact of the administrative order that notwithstanding the text of the statute that says it is to be determined at the time of removal, it will be determined at the time of the order, knowing that the time of the order, it will come perhaps even years before removal. Notwithstanding that gap, the key point of determination and the one that we should use on this appeal is the time of the administrative order by the BIA. Is that the final administrative order? And that's that's where it should be fixed based on. And so does that mean that suppose you have a case where the child is 20 at the time of the board's order? And they say, OK, he's a qualifying child, but we're denying relief for some other reason. And then there's a petition for review to this court. And we conclude that the board made some legal error on some other point. But now it's before us and the child is now over 21. You would say in that situation, we should not consider the fact that he's over 21 because the age got fixed at the time of the board's decision? As I understand, this court would consider the finding of the board, the final board. Now, in Petitioner's case, they also argue that the agency didn't consider crime in Mexico or things like that. Petitioner's testimony, he never testified anything like that. Before you move on from this age issue, can I just ask if your if your interpretation is correct that we determine this as of the time of the board decision, why wasn't it a due process violation for the board to take so long? It's a there is really I mean, it didn't really track. It wasn't that inordinate. There is no and you can see this in some other cases. There is no the statute itself is pretty straight. Petitioner didn't argue that at least at least that the or the board. What I'm getting at is Petitioner never addressed to the board that there that there was a due process violation. This this lag in time is is is usual. How could she have raised it? I mean, she she filed a brief before the board and when she files the brief, she doesn't know that they're going to take so long. The time the board took is is similar to what it usually takes several years. And that time, that delay, that ordinary delay, that harm that it mitigates that any harm to a child mitigates because that kid is growing up. He's no longer or she's no longer this defenseless person right now. But if the board had decided this earlier, at least hypothetically, the board could have. The person could have gotten relief if the board decided that that IJ had erred on the hardship determination. I mean, if they if they'd done it within within months and I'm sure that the kids could have been underage, but they do take their time and it's administrative process. This is imperfect form of relief, as everyone has. Sometimes it's it helps. Sometimes it hurts. And it's an extraordinary form of relief. It's designed to help kids at the time the alien is removed. They're the ones who are not really designed just for that, because if we're designed just for that, it would be, you know, deferral of removal until you no longer have a qualifying relative. But if you get this when you have a child, then you get adjusted to being an LPR. And then that's that's indefinite. Right. So so the statute seems to contemplate something more than just temporary relief while you have a child, doesn't it? I think the statute contemplates harm to the children if that person's a child at the time of removal that can only occur. You could only have removal with a final administrative order. It's a continuing process. It's never been fixed in time. And every case that I can find except Perez out of the Sixth Circuit, this court or the courts have adopted that continuing philosophy of looking at an application for cancellation of removal in other cases where they've said it depends on administration, immigration judge. That's what the facts demanded. The issue wasn't whether or not the the kids aged out between the administrative decisions. But if you look at the 11th Circuit and Pina, if you look how this court has interpreted the statute, it's always a continuing process based on reliance on the board when the board acts. And while it is unfortunate, sometimes harsh, it can also help the alien as well. And it also serves the purpose of the statute. Again, very limited form of relief, exceptional and exceptional and extremely unusual hardship to children. And even under the best circumstances in this case, if there was no chance that considering the son would make a difference, I'm not sure we would need to decide this issue. In this case, do you think there's an argument that the son could make a difference here? No, Your Honor. Assuming the board had considered Cruz, what you have here is there's not even close to being exceptional and extremely unusual hardship in this case, even under the best reading. Financially, everyone's working. The petitioner has a has a very successful business, but it looks like Cruz is helping out there. Everyone contributes. What was the IJ's finding with respect to Cruz? With respect to Cruz is that he was there's no if I remember correctly, he was a young man, mid 20s or in his early 20s at the time. He was no health issues. He was working. He was living at home. He was working with his father, though. So if his father was removed, could that change? The record doesn't indicate that he would he would not continue to work there. I believe that this is the father's garage based on what I saw in terms of emotional hardship. That's that happens in every removal. And I'm empathetic to that. That happens. But that's not exceptional or extremely unusual. Do you think do you think Chenery permits us to say that there would be no I mean, there would be no hardship to the son and deciding the case on that basis when the board didn't? I'm speaking hypothetically. I would think if if this if this court disagrees with me on the age out issue, we would have to go back. But I don't. But I'm just speaking hypothetically. If I look at this case in the aggregate, while I'm empathetic and this is just, you know, government counsel talking, the hardships that that petitioner has indicated don't even come within the realm. I mean, everyone in the area, if if if it did go back and the final administrative order is determinative, then both the son and the daughter will have aged out before the now new final administrative order. Is that correct? Yes, your honor. And they both aged out now in terms of the fact that she'd aged out as well, too. But look, the board didn't catch it. But therein lies the purpose of the statute. We're trying to protect those who need it the most. And here, both Anna and Cruz certainly don't. It's unfortunate that their that their dad goes back, but they can always visit him. That was in the record as well. She may have gotten a scholarship to nursing school. That's wonderful. And God bless her. But this is not not exceptional in an extremely unusual hardship. You consider one, you consider both. I appreciate the court's time. Thank you very much. Thank you. We have some time left for rebuttal. Thank you, your honor. So if the cancellation of removal is a application, is a continuum application, then in in the ruling in this court, it popped our beholder where at the time of the immigration judge's decision or the merits hearing, there was an unborn child. It went up on appeal. It got to the BIA and the BIA said, well, there's no qualifying relative or there was no qualifying relative. And there isn't one now because at the time of the immigration judge's decision, the child was not born yet. So presumably, the child was already born at the time the BIA decided the appeal. So if it were a continuum application, like my friend on the other side is arguing and proposing to this court, then wouldn't this court have found that at the time of the BIA's appeal or the decision on the appeal, the qualifying relative or the requirement that the petitioner have a qualifying relative would have been met. And so on that, clearly, there is a divide. And I asked this court to make a bright line rule with respect to the question, the legal question. What is the point in time where the statute requires that the determination of whether or not a respondent has a qualifying relative for purposes of cancellation of removal needs to be answered? And we need this court's guidance. Thank you, Your Honor. Thank you both sides for the helpful arguments. This case is submitted.
judges: FRIEDLAND, MILLER, Vitaliano